B.J. Thornberry Deputy Treasurer Department of the Treasury 140 State Capitol Denver, Colorado 80203
Dear Ms. Thornberry:
You have requested a legal opinion concerning the practice of the state treasurer to place time deposits of state moneys in a manner that will provide maximum federal insurance coverage by the Federal Deposit Insurance Corporation (FDIC) and the Federal Savings and Loan Insurance Corporation (FSLIC). Your office has supplied me with information about this practice, which is described in detail below.
QUESTION PRESENTED AND CONCLUSION
Whether deposits of state moneys with a federally insured institution under the following account titles are entitled to separate insurance coverage up to $100,000 for each account, even though the state treasurer, or his designee, is the custodian for all accounts: Department of Labor — State Compensation Insurance Fund; Public School Income Fund; Water Conservation Board Construction Fund; Highway Fund; Department of Local Affairs — Mineral Leasing Fund; Water and Power Authority Fund; and General Fund.
 Yes. It is my opinion that each of these seven accounts is attributable to a distinct public unit and entitled to separate federal insurance coverage up to $100,000 even though the state treasurer is the custodian for all seven public unit accounts.
ANALYSIS
The availability of federal insurance coverage for deposits of state moneys in Colorado banks and savings and loan associations has been addressed in previous correspondence from this office, as well as from the staff of the FDIC and the FSLIC. Rather than repeat the analysis of earlier opinions in this letter, I will refer you to specific opinions.
You have advised me that the state treasurer serves as custodian for a large number of cash funds which are established pursuant to the requirements of state law or as a matter of internal state accounting procedures. The treasurer identifies cash funds which are available for investment in time deposits for periods up to one year and places deposits at a monthly auction. These funds are segregated on the basis of what the treasurer believes to be separate public units according to prior opinions of this office and the staff of the FDIC and FSLIC. Time deposits are made in a separate account for each public unit.
At present the state treasurer has identified seven public units for which he makes time deposits. These seven accounts are listed above, and discussed in detail later in this opinion. This practice is designed to maximize the availability of federal insurance coverage. State funds which are not protected by federal insurance must be collateralized pursuant to the requirements of Colorado's Public Deposit Protection Act of 1975, article 10.5 of title 11, Colorado Revised Statutes (C.R.S.) (1984 Supp.)
Federal requirements for maximum insurance coverage forpublic unit accounts
Pursuant to federal law, the official custodian of moneys of a public unit is separately insured by either the FSLIC or the FDIC up to $100,000 for deposits in a federally insured institution.See 12 U.S.C. § 1728(d)(1)(ii), 1813(m)(1),1821(a)(2)(A)(ii). If the same person is official custodian for more than one public unit, he is separately insured to the maximum amount with respect to the aggregate amount of public funds held by him for each public unit at an insured institution.12 C.F.R. 564.8(a)(2)(1985) and 330.8(a)(6) (1984).
The term "public unit" is defined by federal statute to include the state and its political subdivisions. The applicable FDIC regulation further defines the term to include any "principal department" of the state which meets the following conditions:
 (1) The creation of which . . . department has been expressly authorized by State statute, (2) to which some functions of government have been delegated by State statute, and (3) to which funds have been allocated by statute or ordinance for its exclusive use and control.
12 C.F.R. 330.8(c) (1984). A separate regulation, which is identical in substance to that quoted above, applies to deposits of public unit funds in federally insured savings and loan associations. 12 C.F.R. 561.5a (1985) and appendix to 12 C.F.R. 564 (1985).
The FSLIC regulation further describes the significance of a public unit as follows:
 All funds belonging to a public unit and invested by the same custodian in an insured institution are added together and insured to the $100,000 maximum, regardless of the number of accounts involved . . . . If the same person is custodian of funds for more than one public unit, he is separately insured to $100,000 with respect to the funds of each unit held by him in properly designated accounts.
Appendix to 12 C.F.R. 564 (1985).
Consequently, if each of the seven accounts contains all of the time deposits of a separate public unit at a particular institution, then the state treasurer should be insured separately to the maximum amount for each account. The remainder of this opinion will address each appropriate public unit and the treasurer's custodial responsibilities.
Legal authority for the custodial responsibilities of thestate treasurer
The Colorado Constitution provides that the state treasurer is custodian of all "public funds" subject to legislative provision for safekeeping and management of those funds. Colo. Const. art. X, § 12. All departments of state government are required by statute to transmit moneys received by them to the treasury department for safekeeping unless specifically exempted. Section24-36-103, C.R.S. (1982). The treasurer is authorized to make time deposits of state moneys in banks or savings and loan associations, and to appoint custodians for those deposits. Sections 24-36-109 and 112, C.R.S. (1982).
Department of Labor State Compensation Insurance Fund
The Colorado Department of Labor and Employment is a principal department of state government created by statute. The department consists of three subordinate divisions and the Industrial Commission, all of which are delegated certain governmental powers by statute. Section 24-1-121, C.R.S. (1982);see generally title 8, C.R.S. (1973). A major function of the Department of Labor and Employment is administering the state workmen's compensation laws. Workmen's compensation benefits are funded from the State Compensation Insurance Fund, a continuing fund created by statute and administered by the Division of State Compensation Insurance Fund, one of the subordinate divisions of the Department of Labor and Employment. Colorado law vests the fund manager with "full power and jurisdiction" over administration of the State Compensation Insurance Fund. Sections 8-54-101 and 102, C.R.S. (1973). The state treasurer is fund custodian and makes disbursements upon order of the fund manager. Section 8-54-121(1), C.R.S. (1973).
In an opinion dated April 20, 1981, this office concluded that even though the State Compensation Insurance Fund was allocated by statute for the exclusive use and control of the Division of the State Compensation Insurance Fund, that agency was not a qualified public unit because it was a subordinate division of the Department of Labor and Employment. It was the opinion of this office, however, that the Department of Labor and Employment does meet the requirement of a separate public unit. See attorney general opinion to the state treasurer dated April 20, 1981.
The one relevant statutory change which has occurred since the 1981 opinion is an amendment providing the state treasurer with authority to invest available moneys in the State Compensation Insurance Fund not needed for immediate use. Section 8-54-122(1), C.R.S. (1984 Supp.). The Department of Labor and Employment nevertheless retains exclusive use and control of the fund because of the statutory requirements that all investment earnings be credited to the fund and that the treasurer may only disburse fund moneys at the direction of the fund manager. Sections 8-54-106 and 8-54-121, C.R.S. (1973). The treasurer's investment duties are part of his custodial responsibilities, while the Department of Labor and Employment retains the exclusive use and control of the moneys in the fund for the statutory purposes of paying workmen's compensation benefits.
In order to fulfill his investment responsibilities, the treasurer has pooled cash accounts of the Department of Labor and Employment, the largest of which is the State Compensation Insurance Fund. Time deposits are made under the account title "Department of Labor — State Compensation Fund" and interest earnings are credited as required by state law.
The Department of Labor and Employment satisfies the federal requirements of a public unit. Since the state treasurer has segregated time deposits of all that department's funds under one account in a particular insured institution, that account is entitled to insurance coverage up to $100,000 separate from other time deposits of state moneys.
Public School Income Fund
Colo. Const. art. IX, § 3 creates the Public School Fund, preserving the principal as inviolate and earmarking the income for state schools. Income derived from the Public School Fund is placed in the statutorily created Public School Income Fund. Section 22-50-102(9), C.R.S. (1973).
In a letter dated April 10, 1978, First Assistant Attorney General Alan H. Friedman concluded that moneys in the Public School Income Fund were under the exclusive control of the State Board of Education pursuant to section 22-50-112, C.R.S. (1984 Supp.). The State Board of Education is created by art. IX, §1 of the Colorado Constitution and satisfies the federal requirements for a public unit. This opinion was approved in a letter dated April 17, 1978 signed by Jerry L. Langley, senior attorney for the FDIC and a letter dated April 17, 1978 signed by Jerome S. Plapinger, associate general counsel for the FSLIC.
It is my understanding that the treasurer has pooled moneys of the Board of Education and the State Department of Education, a principal department established by statute, for the purpose of making time deposits. Each deposit of those funds is made under the account title "Public School Income Fund." Each such account is entitled to insurance coverage as a separate public unit up to $100,000 separately from other deposits of state funds for which the treasurer serves as custodian.
Water Conservation Board Construction Fund
In a letter dated February 18, 1983, this office concluded that the Colorado Water Conservation Board, created by section37-60-102, C.R.S. (1973), qualifies as a separate public unit. This opinion was approved in a letter dated May 13, 1983 signed by Fredric H. Karr, attorney for the FDIC.
The board is a principal department within the meaning of the federal insurance regulations, is delegated certain governmental functions by statute, and is statutorily charged with the exclusive control of moneys in the Colorado Water Conservation Board Construction Fund, subject to legislative appropriation. Sections 37-60-121 and 122, C.R.S. (1984 Supp.). Consequently deposits made in the name of the Water Conservation Board Construction Fund are entitled to federal insurance coverage up to $100,000 separate from other deposits of state funds.
Highway Fund
In a letter dated April 10, 1978, First Assistant Attorney General Alan H. Friedman concluded that a portion of the Highway Users' Tax Fund, created by section 43-4-201(1), C.R.S. (1984), is under the exclusive control of a principal department of state government which qualifies as a separate public unit. This portion is paid into the State Highway Fund created by section43-1-219, C.R.S. (1984). The State Highway Commission, created by section 43-1-103(1), C.R.S. (1984), is given statutory control of expenditure of all moneys credited to the Division of Highways of the Colorado Department of Highways, a principal department of state government. Mr. Friedman's opinion was approved in a letter dated April 17, 1978 signed by Jerry L. Langley, senior attorney for the FDIC and a letter dated April 17, 1978 signed by Jerome S. Palpinger, associate general counsel for the FSLIC.
The state treasurer has established an investment pool of cash accounts of the Department of Highways, including the State Highway Fund. Accounts placed in the name of the State Highway Fund include all moneys attributable to the Department of Highways and the Highway Commission. Consequently such deposits are entitled to federal insurance coverage up to $100,000 separate from other deposits of state funds.
Department of Local Affairs — Mineral Leasing Fund
The Colorado Department of Local Affairs is created by statute and delegated a variety of government functions dealing with both local governments and property taxation. Section 24-1-125(1), C.R.S. (1982). A portion of moneys received by the state from the federal government under the Mineral Lands Leasing Act of February 25, 1920 is deposited into the Local Government Mineral Impact Fund and distributed at the direction of the executive director of the Department of Local Affairs. Sections34-63-102(3)(b)(II) and (5)(a), C.R.S. (1984). The department also has exclusive use and control of the statutorily created Local Government Severance Tax Fund. Section 39-29-110, C.R.S. (1983).
In opinions dated April 10, 1978 and February 18, 1983, this office concluded that the Department of Local Affairs satisfied the requirements of a public unit. The conclusion reached in the April 10, 1978 letter, signed by Assistant Attorney General Friedman, was approved in Mr. Langley's April 17, 1978 letter for the FDIC and Mr. Plapinger's April 17, 1978 letter for the FSLIC, both of which have been referenced above. Consequently, so long as the treasurer pools all those funds attributable to the Department of Local Affairs and makes separate time deposits for the department under the account title "Department of Local Affairs — Mineral Leasing Fund," that account is entitled to insurance coverage up to a maximum of $100,000 separate from other deposits of state funds.
Water and Power Authority Fund
You have advised me that the state treasurer also serves as custodian for funds of the Colorado Water Resources and Power Development Authority which the treasurer places in time deposits under the above account title. The Colorado Water Resources and Power Development Authority is a body corporate and political subdivision of the state, created by statute. Section 37-95-104, C.R.S. (1984 Supp.). Acting through its board of directors, the authority is given exclusive use and control of its own funds. Section 37-95-106(1)(f), C.R.S. (1984 Supp.). Although there is no specific statutory direction that the treasurer serve as custodian of the authority's funds, his constitutional responsibilities for public funds authorizes him to serve as custodian with approval of the authority's board of directors.
In an opinion dated February 18, 1983, This office concluded that the authority is a separate public unit for purposes of federal insurance coverage. The FDIC expressed agreement with this conclusion in a letter dated May 13, 1983 from Fredric H. Karr, attorney. Consequently it is my conclusion that a time deposit of funds used exclusively by the Colorado Water Resources and Power Development Authority and deposited under the above account title, is entitled to insurance coverage to the maximum of $100,000 separate from state funds for which the state treasurer serves as official custodian.
General Fund
Finally, the treasurer has pooled all the remaining cash accounts containing state funds for which he is custodian and which are available to make time deposits. Such deposits are placed under the account title "General Fund". The appropriate public unit for General Fund deposits is the State of Colorado. So long as the only state funds placed in time deposits at a particular institution are the six separate public unit accounts discussed previously in this opinion and the General Fund account, then the General Fund account is entitled to insurance coverage up to $100,000 separate from the other six public unit accounts. Of course there may be other public units for which the state treasurer serves as custodian which are not discussed in this opinion, and which may be the subject of future opinions. Your request was limited to these specific accounts based upon the current practice of the state treasurer in placing time deposits.
SUMMARY
For the reasons stated above, it is my opinion that each of the seven accounts discussed is entitled to separate federal insurance coverage even though the state treasurer is the official custodian for all seven. Each account is attributable to a separate public unit.
As you are aware, the controlling opinion on the application of federal insurance coverage would be that of the appropriate officials for the FDIC and the FSLIC. Consequently, before you act upon the opinions expressed in this letter you should seek review of this response, and your policy, by the appropriate federal officials. This opinion, and those prior opinions discussed here, should accompany your inquiry. If this office can provide any additional information, inquiries may be directed to Solicitor General Richard H. Forman.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC FUNDS TREASURER, STATE BANKS AND BANKING
TREASURY, DEPT. OF
Deposits of state funds under different accounts for separate public units will result in separate federal insurance coverage for each account, even though the treasurer is custodian for all.